HUBBELL & HUNT, Respondents, *vs.* WESTON & RUSSELL, Appellants.

1. It is not necessary for the court to find the facts upon an enquiry of damages after a judgment by default.

*Appeal from St. Louis Law Commissioner's Court.*

*L. M. Shreve,* for appellants.
*H. N. Hart,* for respondents.

GAMBLE, Judge.   The defendants having failed to answer the petition, a judgment was rendered against them by default, and an order made that the damages be assessed at some day during the then present term.   The record does not show that any particular day was appointed for the assessment of the damages, but the bill of exceptions says that the day for the assessment of damages was the 3d day of Sept. and the assessment was made on the 24th August.   A motion was made by the defendant to set aside the judgment by default upon an affidavit of the defendant, stating the cause for failing to answer the petition, which was, that that he was mistaken in the meaning and object of the process served upon him.   This motion was properly overruled.   On the 16th of September, twenty-three days after the judgment, the defendants asked leave to file a motion in arrest of judgment, which was correctly refused.   It does not appear, even in the bill of exceptions, how the 3d day of September came to be the day for the assessment of the damages.   The record proper shows no day fixed for that purpose, and there does not appear to have been any affidavit filed in the court below, showing any action of the court or of any of its officers, by which the defendants were or might have been misled.   It is objected to the judgment in this case, that the court below, when assessing the damages, did not find the facts.   The code does not require the court to find the facts upon an assessment of damages.   The judgment is, with the concurrence of the other judges, affirmed.